IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CALVIN EALEY**                                                                               **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:20-CV-124-KHJ-JCG**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the claimant Calvin Ealey seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for Social Security disability benefits. The Commissioner found that Ealey was not disabled, as defined by the Social Security Act, despite his severe impairments of congestive heart failure, hypertension, degenerative disc disease, prostate cancer, post-traumatic stress disorder (PTSD), and major depressive disorder. The Administrative Law Judge (ALJ) determined that Ealey was unable to perform his past relevant work as a lead lineman. However, he concluded that work exists in the national economy that Ealey could perform. Ealey has filed a Motion for Summary Judgment and a Brief in Support. ECF Nos. 9 & 10. The Commissioner has filed a Motion to Affirm and a Brief in Support. ECF Nos. 13 & 14. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that Ealey's Motion for Summary Judgment be granted, the Commissioner's Motion to Affirm be denied, and the case remanded.

# I. Background

A. <u>Procedural Background</u>

Ealey was 45 years old on February 17, 2017, the alleged onset date. He filed a Title II application for a period of disability and disability insurance benefits on August 17, 2017. Ealey's last date insured for purposes of his Title II application is December 31, 2022. Ealey's claims were initially denied on January 11, 2018, and upon reconsideration on February 28, 2018. Ealey filed his request for a hearing before an ALJ on April 23, 2018. The ALJ heard Ealey's case in Jackson, Mississippi on September 19, 2019. The ALJ heard testimony from Ealey as well as from a vocational expert (VE). The ALJ issued a decision unfavorable to Ealey on September 30, 2019. ECF No. 8 at 31-40.

B. <u>The ALJ's Findings</u>

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. See 20 C.F.R § 404.1520. The burden of proving disability rests upon the claimant throughout the first four steps of this process, and if the claimant is successful in sustaining his burden at each of the first four steps, the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if he

proves that his impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 of Subpart P to 20 C.F.R. pt. 404. 20 C.F.R. § 404.1520(d). Accordingly, if a claimant's impairments meet the requisite criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. § 404.1525.

Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and/or mental demands of her past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner at step five to prove, considering the claimant's residual functional capacity (RFC), age, education, and past work experience, that he is capable of performing other work. 20 C.F.R. § 404.1520(g)(1). If the Commissioner proves other work that the claimant can perform exists (in significant numbers in the national economy), the claimant is given the chance to prove that he cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

In the instant case, the ALJ found at step one that Ealey had not engaged in substantial gainful activity since February 17, 2017, the alleged onset date. ECF No. 8 at 33. At step two, the ALJ found that Ealey has severe impairments of congestive heart failure, hypertension, degenerative disc disease, prostate cancer, PTSD, and major depressive disorder. *Id.* At step three, the ALJ determined that Ealey did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. § 404. *Id.* at 34.

Next, the ALJ determined that Ealey has the RFC to perform light work with the following limitations:

> The claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; stand and walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; perform simple, routine, repetitive tasks but not at a production rate pace (i.e., assembly line work) and requires occasional supervision in order to complete simple, routine, repetitive tasks; can make simple work-related decisions; can occasionally interact with coworkers, supervisors, and the general public; and can respond appropriately in a routine work setting.

*Id.* at 35-36. At step four, the ALJ concluded that Ealey could not return to his past relevant work as a lead lineman. *Id.* at 38. The ALJ moved to step five and found that there are jobs that exist in significant numbers in the national economy that Ealey could perform. *Id.* at 39. The VE testified that an individual of Ealey's age, education, work experience, and RFC could work as a silver wrapper, a light, unskilled job with 504,000 jobs in the national economy; an egg washer, a light unskilled job with 110,000 jobs in the national economy; and a garment sorter, a light, unskilled job with 235,000 jobs in the national economy.

Ealey requested review of the ALJ's decision by the Appeals Council on November 14, 2019. *Id.* at 226. The Appeals Council denied his request for review on September 24, 2019, thereby rending the ALJ's decision the final decision of the Commissioner. *Id.* at 5-8. Having exhausted his administrative remedies, Ealey commenced the present action on March 2, 2020. ECF No. 1.

## II. Standard of Review

Review of the Commissioner's decision is limited to an inquiry into whether

there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence "preponderates" against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Harrell*, 862 F.2d at 475).

### III. Discussion

Ealey alleges three assignment of error: (1) "[d]id the ALJ properly evaluate medical opinion evidence in determining Plaintiff's residual functional capacity;" (2)

"[d]id the ALJ properly consider the effect of all of the Plaintiff's mental limitations in determining his ability to perform work-related activities;" and (3) "[d]id the Appeals Council properly refuse to consider the opinion expressed by the treating nurse practitioner in determining whether the ALJ's decision is supported by substantial evidence?" ECF No. 10. Because the undersigned finds that remand is warranted based on the first assignment of error, the other two issues are rendered moot.

In his first assignment of error, Ealey alleges that the ALJ failed to properly consider the medical opinion evidence from VA psychologist, Dr. Lashun A. Young, consultative examiner Dr. Bob Nevels, and the state agency medical consultants. He alleges that the ALJ failed to consider the opinions of Dr. Young; improperly rejected the opinions of Dr. Nevels as inconsistent, even though Dr. Nevels' opinion is consistent with Dr. Young's opinion; and failed to note that the medical consultants found that his impairments were capable of producing his symptoms and his statements concerning the intensity, persistence, and limiting effects are substantiated by the objective medical evidence.

The Commissioner argues that the ALJ properly evaluated the opinion evidence in accordance with 20 C.F.R. § 404.1520c, as Dr. Young did not provide an opinion, merely examination findings; the ALJ discussed other treatment notes, including a more recent examination conducted by Dr. Young and the VA's disability finding; the ALJ properly determined that Dr. Nevels' opinion was inconsistent with exam findings of less than marked limitations in memory and

6

concentration and normal mental status; and the ALJ found the opinions of the agency consultants persuasive, but found greater mental limitations and additional non-exertional limitations. In reply, Plaintiff argues that the ALJ never recognized Dr. Young's opinion, never reported the weight he assigned to it, and never gave any reasons for rejecting it. He also argues that the ALJ did not consider the agency consultants' opinions with regard to whether his statements concerning the intensity, persistence, and limiting effects of his symptoms are supported by the medical evidence.

20 C.F.R. § 404.1520c, which applies to claims filed after March 27, 2017, provides that the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." Instead, when presented with a medical opinion, the Commissioner will consider it using the following five factors "as appropriate": (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. Therefore, the regulations require an ALJ to "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision." 20 C.F.R. § 404.1520c(b)(2).

In a September 2017 Mental Health C & P Examination Consult and Disability Benefits Questionnaire, Dr. Young found that Ealey was diagnosed with

7

PTSD and major depressive disorder; suffered from occupational and social impairments; reported significant PTSD symptoms; had short-term memory impairment, spatial disorie[n]tation, distressed mood, and poor eye contact. ECF No. 8 at 414-27, 436-48. Another examination in March 2018 included similar findings. *Id.* at 989-1001, 1179-93. In the section titled "Opinion & Rationale" in the March 2018 report, Dr. Young stated that Ealey had a "serious impairment in PTSD symptoms of hypervigilance, feelings of detachment from others, difficulty concentrating, irritability, intense physiological distress at exposure to internal/external cues that symbolize or resemble an aspect of the trauma." This created "occupational and social impairment in work efficiency and therefore limits his ability to perform occupational tasks and social activities which are limitations." However, he did note that his condition "has potential for improvement." *Id.* at 1000-01, 1193. As the Defendant notes, these reports end with disclaimers that they dealt "specifically with a compensation related disability assessment," were not "a thorough evaluation of other unrelated issues," and "should not be used for clinical, diagnostic, or treatment planning purposes." *Id.* at 427, 1001, 1193 The ALJ never specifically mentions Dr. Young's reports, nor does he state how persuasive he found these reports. Therefore, if these reports constitute a medical opinion, the ALJ failed to comply with 20 C.F.R. § 404.1520c.[1]

Although decisions from the Department of Veterans Affairs are not binding on the Social Security Administration, and an ALJ need "not provide any analysis

---

[1] When a medical source offers more than one opinion, an ALJ may analyze the opinions from that source together. 20 C.F.R. 404.1520c(b)(1).

. . . about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant] is disabled . . . ." However, the Commissioner "will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision," including medical opinions. 20 C.F.R. § 404.1504. A medical opinion "is a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. § 404.1513.

Dr. Young opines that Ealey suffers from occupational and social impairments due to his PTSD and depressive disorder. These types of reports have been considered medical opinions by other courts. *See Yonnes S. v. Saul*, No. 1:20-cv-819, 2021 U.S. Dist. LEXIS 64989, at *27-30 (E.D. Va. Mar. 31, 2021) (distinguishing between the VA's disability rating, which the ALJ was not required to analyze, and the information on which that rating was based); *Guzik v. Berryhill*, No. 4:17-cv-01065, 2018 WL 3212448, at *9, 17-20 (S.D. Tex. June 28, 2018) (finding that the ALJ properly "explained her rationale" for discounting the mental limitations found by the psychologist who completed the Disability Benefits Questionnaire); *Kinley v. Colvin*, No. 7:15-cv-136-D, 2016 U.S. Dist. LEXIS 106332, at *12-19 (E.D.N.C. July 26, 2016) (finding that remand was warranted for the ALJ to consider a report and disability benefits questionnaire that was part of the evidence underlying the VA's disability decision, as it provided an opinion on the claimant's functional limitations).[2] Therefore, the undersigned concludes that Dr.

---

[2] The undersigned notes that two of these cases relate to claims filed before March 27, 2017. For these cases, a medical opinion was defined as "statements from acceptable medical sources that

Young provided a medical opinion. Because the ALJ did not indicate how persuasive he found this opinion and did not provide an analysis of the supportability and consistency factors with respect to this opinion, remand is warranted for the ALJ's failure to properly apply 20 C.F.R. § 404.1520c. *See Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-1515-RBD-DCI, 2020 WL 1957597, at *6 (M.D. Fla. Apr. 8, 2020) (although the ALJ assigned partial weight to an opinion, she "did not offer any explanation of, provide reasons for, or show the logical development of the . . . statements" and "failed to discuss how she considered supportability and consistency"); *Alonzo v. Comm'r of Soc. Sec.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *5 (D. Ariz. Mar. 2, 2020) (finding error when "the record [did] not address the 'most important' factors of supportability and consistency").

## IV. Recommendation

Based on the above analysis, the undersigned recommends that Ealey's Motion for Summary Judgment be granted, the Commissioner's Motion to Affirm be denied, and the case remanded.

## V. Notice of the Right to Object

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the

---

reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). However, because Dr. Young included Ealey's diagnosis and opined that he suffered from social and occupational impairments, these cases are still useful in deciding whether his reports constitute a medical opinion under the present rule.

10

> clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 7th day of May, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE